UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH TATE, #320422,

       Petitioner,

                             CASE NO. 5:13-CV-11118
v.                            HONORABLE JOHN CORBETT O'MEARA

CATHERINE BAUMAN,

       Respondent.
_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION FOR
SUMMARY JUDGMENT AND REQUIRING SUPPLEMENTAL PLEADINGS**

**I.    Introduction**

       This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner Keith Tate ("Petitioner") was convicted of second-degree murder, assault with intent to cause great bodily harm less than murder, and possession of a firearm during the commission of a felony following a bench trial in the Wayne County Circuit Court.  He was sentenced to 25 to 40 years imprisonment on the murder conviction, a concurrent term of 5-10 years imprisonment on the assault conviction, and a consecutive term of two years imprisonment on the felony firearm conviction in 2000.  In his pleadings, Petitioner raises claims concerning the sufficiency of the evidence, the validity of his jury trial waiver, the failure to disclose evidence, the admission of a witness's identifications, and the effectiveness of appellate counsel.  This matter is before the Court on Respondent's motion for summary judgment seeking dismissal of the petition as untimely under the one-year period applicable to federal habeas actions.  Petitioner has filed a reply to that motion asserting that his petition is timely.  For the reasons set forth, the Court agrees with Petitioner, denies Respondent's motion, and orders that supplemental pleadings be filed.

**II.     Discussion**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000). The moving party bears "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable fact finder could return a verdict in his or her favor. *Sanders*, 221 F.3d at 851. The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

In this case, the parties agree that the last day of the one-year limitations period was March 3, 2013. Because March 3, 2013 was a Sunday, the petition was due to be filed by March 4, 2013. *See* Fed. R. Civ. P. 6(a)(1)(C). Under the prison mailbox rule, prisoner documents are deemed filed in federal court when submitted to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270-76 (1988). Respondent's motion for summary judgment is premised on the belief that Petitioner dated his habeas petition on March 14, 2013 (and the Court filed the petition on March 20, 2013). Respondent is mistaken. The record shows that Petitioner dated his habeas petition on March 4, 2013 (and the Court filed the petition on March 13, 2013). Thus, contrary to Respondent's claim, the habeas petition was timely filed. Respondent's motion for summary judgment shall therefore be denied.

**III.     Conclusion**

For the reasons stated, the Court finds that Respondent has failed to establish that summary judgment is warranted. Rather, it appears from the record that the habeas petition was timely filed. Accordingly, the Court **DENIES** Respondent's motion for summary judgment. Respondent shall file a supplemental answer addressing the procedural and substantive merits of Petitioner's habeas claims within **60 DAYS** of the filing date of this order. Petitioner shall then have **45 DAYS** to file a reply to that answer.

**IT IS SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date: October 8, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 8, 2013, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager